45 C.C.P.A. (Patents).

**The GILLETTE COMPANY, Appellant,**

v.

**George P. KEMPEL, Doing Business as Shush Mfg. Co., Appellee.**

**Patent Appeal No. 6331.**

United States Court of Customs and Patent Appeals.

April 23, 1958.

Rowland V. Patrick, Boston, Mass., for appellant.

J. William Freeman, Akron, Ohio, for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY and RICH, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner, acting for the Commissioner of Patents, 110 USPQ 324, affirming the decision of the Examiner of Interferences dismissing an opposition by appellant, the Gillette Company, to an application by appellee, George P. Kempel, doing business as Shush Mfg. Co., for registration of "Shush" as a trademark for a portable kit containing a disposable syringe, a disposable douche bag, and douche chemical preparations. Appellee's application was filed October 17, 1952, and alleges October, 1, 1952, as the date of first use of the mark in commerce.

Appellant is the assignee, by mesne assignments, of trademark registration No. 363,691, for the word "Hush" as a trademark for toilet preparations, granted January 3, 1939, to Estelle A. Kirstein, doing business as Hush Company. Appellant duly filed certified copies of its registration and the pertinent assignments as required by the Patent Office rules which, in the opinion of the Examiner of Interferences, adequately established appellant's ownership of the registration. The examiner also stated that neither such ownership nor appellant's priority of use of its mark was in dispute, and that the sole issue was whether contemporaneous use of the parties' marks on their respective goods was likely to cause confusion, mistake, or deception of purchasers. He found no such likelihood and dismissed the opposition.

The Assistant Commissioner noted that appellant did not acquire title to its registration until after appellee had commenced use of its mark, and held that "Under such circumstances, the burden

was upon opposer to go forward with its proofs to establish that it had rights superior to applicant's rights in order to prevail in this proceeding. The burden was not discharged, and the opposition is therefore dismissed." The Assistant Commissioner then held that "Considering the marks from an *ex parte* viewpoint, the differences in goods are believed to be sufficient to avoid all likelihood of confusion, mistake or deception of purchasers."

Since the Assistant Commissioner considered confusing similarity as an *ex parte* question only, dismissal of the opposition must have been based on the theory that appellant was not entitled to rely on its registration alone as evidence of use of its mark from a date prior to appellee's first use of its mark.

■ This court has consistently held that ownership of a trademark registration constitutes *prima facie* evidence of ownership and use of the mark. May Department Stores Co. v. Schloss Bros. & Co., Inc., 234 F.2d 879, 43 C.C.P.A., Patents, 980, and cases there cited. In General Baking Co. v. Commander-Larabee Corp., 82 F.2d 427, 23 C.C.P.A., Patents, 973, the following statement from the decision of the Commissioner of Patents in The Rosenberg Co. v. Phillips-Jones Company, Inc., 1921 C.D. 81, 289 O.G. 411, was quoted with approval:

"All this leads to the conclusion that the filing of a regular application for the registration of a trademark supported by an affidavit under section 2 and accompanied by specimens of the mark as actually used should be taken as *prima facie* proof that the applicant was the owner of the mark on the date the application was filed, and that fact having been established the presumption must arise that the applicant continued to own the mark and to use it."

The same presumption applies after a registration has been granted and, accordingly, a registration is *prima facie* evidence of continuing use of the registered mark beginning on the filing date of the application on which the registration was granted. Charles of the Ritz v. Elizabeth Arden Sales Corporation, 161 F.2d 234, 34 C.C.P.A., Patents, 1029. That the assignee of a registration stands in the place of the registrant in all respects is also clear from section 45 of the Lanham Trade-Mark Act, 15 U.S. C.A. § 1127 which provides that "The terms 'applicant' and 'registrant' embrace the legal representatives and successors and assigns of such applicant or registrant."

■ It follows from the foregoing that appellant's registration constitutes *prima facie* evidence of continuous use by appellant and its predecessors of the trademark "Hush" on the goods listed in the registration, beginning on August 11, 1938, the filing date of the application on which the registration was granted. Accordingly, the question as to confusing similarity between that mark and appellee's mark was an *inter partes* one and should have been so considered by the Assistant Commissioner.

■ Appellant alleges error in the holding of the Assistant Commissioner with respect to confusing similarity, but since that holding was expressly made *ex parte* and was favorable to the applicant, it cannot properly be reviewed on the instant *inter partes* appeal by the opposer. Rogers & Gallet v. Janmarie Inc., 245 F.2d 505, 44 C.C.P.A., Patents, 965, and the appeal is accordingly dismissed with respect to that ground.

Ultimate determination of the issues involved here has been considerably delayed because the Assistant Commissioner, instead of ruling *inter partes* upon a question which had been properly raised in an *inter partes* proceeding and which had been fully argued and briefed by both parties, made an *ex parte* ruling thereon. In our opinion it would be highly desirable in the interest of expeditious and orderly procedure to make the ruling in such cases *inter partes* in the first instance rather than *ex parte*. It would then be subject to review by us

in the *inter partes* appeal if the decision on other issues required such review, without having to await an *inter partes* ruling on remand.

The decision dismissing the opposition is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.