46 C.C.P.A. (Patents)

ROGER & GALLET, Appellant,

v.

JANMARIE, INC., Appellee.

Patent Appeal No. 6419.

United States Court of Customs
and Patent Appeals.

Feb. 5, 1959.

Choate Ronalds, Reynolds & Hollister,
New York City (William A. Moore and
Ralph E. Reynolds, New York City, of
counsel), for appellant.

No appearance or brief for appellee.

Before WORLEY, Acting Chief Judge,
and RICH, MARTIN, and JOHNSON,
retired, Associate Judges.

RICH, Judge.

This is a trademark opposition which
comes to this court for the second time.
The opposer is the owner of the register-
ed trademark "Jean Marie Farina" and
is opposing the registration of "Jan-
marie."

On the first appeal (No. 6302), 245
F.2d 505, 44 CCPA 965, we reversed the
inter partes decision (107 U.S.P.Q. 295)
of the Commissioner of Patents that the
opposer, Roger & Gallet (a New York
corporation), was not the owner of "Jean
Marie Farina." In the same opinion we
also pointed out that an ex parte ruling
of the Commissioner, contained in the
same opinion with the inter partes deci-
sion, that use of the marks of the re-
spective parties was not likely to result in
confusion, mistake or deception of pur-
chasers, was not before us for considera-
tion. On that appeal we remanded the
case to the Patent Office for further pro-
ceedings not inconsistent with our
opinion.

In due course on August 6, 1957, the
Commissioner, acting through the As-
sistant Commissioner, made an inter
partes determination of the likelihood of
confusion issue which corresponded ex-
actly with the previous ex parte ruling

on the same issue. See Roger & Gallet v. Janmarie, Inc., 114 U.S.P.Q. 406.

Appellant-opposer then moved in this court to vacate that decision of the Assistant Commissioner "because it is not within the scope of actions contemplated or allowed under the remand of this Court for further proceedings not inconsistent with its said decision of June 10, 1957." That motion we denied on October 10, 1957, 248 F.2d 464, 45 CCPA 724.

We now have before us the opposer's appeal from the Commissioner's inter partes ruling on the likelihood of confusion issue. The opposer raises not only this issue but also a technical point similar to that raised by its motion to vacate, contending that the Commissioner was without power to render the inter partes decision holding that confusion was not likely.

Since we sent the case back to the Patent Office for the specific purpose of having it make an inter partes ruling as to whether or not confusion was likely it seems rather strange that anyone should contend that such a ruling was beyond the power of the Commissioner. The contention appears to be based on the theory that when the Commissioner rendered the first decision, in 1955, reversing the examiner's inter partes determination that there was likelihood of confusion, but on the ground that the opposer had no standing to oppose because it did not own the trademark relied on, failure to say anything about likelihood of confusion inter partes amounted to an affirmance of the examiner's view of this issue. Opposer cites the rule that where appeal is taken from the determination of a lower court and the determination is "neither reversed, modified nor questioned in a subsequent decision by the appeal court, the determination is deemed to be affirmed." It is on this basis alone that opposer argues that the Commissioner's decision in 1955 constituted an affirmance of a holding by the examiner that confusion was likely. This contention is pressed upon us notwithstanding the fact that the very same Commissioner's opinion, which is relied on as a technical affirmance, because of "inter partes" silence, stated in no uncertain terms that the Commissioner disagreed with the examiner and held there was no likelihood of confusion. In so stating and holding, however, the Commissioner labeled the conclusion "ex parte."

We find no merit whatsoever in the contention that the express ex parte ruling in an inter partes case, made in 1955, is to be taken as silence and consequently as an affirmance of a ruling directly to the contrary. Appellant cannot make an inter partes affirmance out of an ex parte reversal. We therefore hold that the Commissioner was not without authority to determine inter partes the question of likelihood of confusion on remand, as was later done in 1957.

We do fully agree with opposer, however, that it would have been better if the initial Commissioner's decision on the likelihood of confusion issue had been made, technically, in the inter partes case instead of being labeled "ex parte." While it would seem there was a certain amount of logic in making such a determination ex parte, subsequent to a decision that the opposer was without standing to oppose, thus technically disposing of the opposition or inter partes case, the difficulty with labeling such a determination ex parte is that if the first decision should be reversed, the question decided ex parte has to be decided over again inter partes. The identical difficulty was encountered in the later case of Gillette Co. v. Kempel, 254 F.2d 402, 404, 45 C.C.P.A., Patents, 920. At the conclusion of the opinion in that case, we said:

" * * * In our opinion it would be highly desirable in the interest of expeditious and orderly procedure to make the ruling in such cases *inter partes* in the first instance rather than *ex parte*. It would then be subject to review by us in the *inter partes* appeal if the decision on other issues required such review,

without having to await an *inter partes* ruling on remand."

■ On the merits of the question of likelihood of confusion, which opposer has now had an opportunity to argue fully before us by virtue of the inter partes decision on remand, a right it did not have on the first appeal because no review of an ex parte decision was there possible, we feel constrained, on all the evidence before us, to agree with the Commissioner's decision (114 USPQ 406) that confusion, mistake or deception would not be likely. We do this primarily on the basis of the cumulative differences in the marks considered as a whole. In considering the opposer's mark we do not think that the prominent word "Farina" may be disregarded, leaving only the first two words "Jean Marie" for comparison with applicant's mark. We find nothing in the infringement case of Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19, 21 S.Ct. 7, 45 L.Ed. 60, which we deem to be controlling or contrary to the conclusion we have reached.

For the foregoing reasons the Commissioner's decision of August 6, 1957, is affirmed.

Affirmed.