52 CCPA
GEO. A. HORMEL & CO. (Assignee of Stark, Wetzel & Co., Inc.), Appellant,

v.

HEREFORD HEAVEN BRANDS, INC., Appellee.

Patent Appeal No. 7278.

United States Court of Customs and Patent Appeals.

Feb. 18, 1965.

MARTIN, Judge.

Geo. A. Hormel & Co. (hereinafter Hormel), user of the mark LITTLE SIZZLERS, has appealed a decision of the Trademark Trial and Appeal Board dismissing its opposition to the registration of the mark SIZZLE used by appellee Hereford Heaven Brands, Inc. (hereinafter Hereford).

While the major issue is whether there would be a likelihood of confusion between LITTLE SIZZLERS as a mark for fresh pork sausage and SIZZLE as a mark for fresh and frozen packaged meats, there is a secondary issue raised by appellee Hereford which will necessitate a full exposition of the facts leading to the present opposition, No. 40,970.

Appellee Hereford filed its application to register SIZZLE, serial No. 106,714, on October 19, 1960 alleging use since December 1, 1959. Hormel applied to register LITTLE SIZZLERS, serial No. 107,-569, on November 1, 1960, alleging use since September 9, 1960. Stark, Wetzel & Co., later the assignor to and licensee of Hormel, also applied to register LITTLE SIZZLERS, serial No. 119,435, on May 5, 1961, alleging use since 1948.

The board described the subsequent proceedings, which led to this opposition on appeal, in its opinion as follows:

"* * * [Hereford] on the basis of its present application for regis-

tration, was * * * involved in an interference [interference No. 5893] with Geo. A. Hormel & Co. (hereinafter referred to as Hormel) which had filed an application to register 'LITTLE SIZZLERS' for pork sausage [serial No. 107,569]. When these applications were published subject to such interference, they were both opposed by Stark, Wetzler [Wetzel] & Co., Inc., (hereinafter referred to as Stark), and at approximately the same time Stark filed an application for registration of 'LITTLE SIZZLERS' for pork sausages [serial No. 119,435, May 5, 1961]. Following a denial by the Examiner of Trademarks of a motion to dissolve the interference made by Hormel, which was consented to by Hereford, Hormel expressly abandoned its application, thereby terminating both the interference and opposition [opposition No. 40,973] in which this application was involved. Shortly thereafter, Stark assigned to Hormel its entire rights, title and interest in the mark 'LITTLE SIZZLERS', and upon filing of the instrument assigning the mark in the Patent Office, Hormel was substituted as party opposer in this proceedings. Concurrent with the assignment of the mark, Hormel executed an agreement granting Stark a non-exclusive license to use the mark in the same market area in which it had previously marketed its goods.

"According to the record, Stark has continuously used the mark 'LITTLE SIZZLERS' on fresh pork link sausage since as early as 1948 and has marketed such products in the State of Indiana, and in parts of Illinois, Michigan, Ohio and Kentucky. Stark has advertised its sausage in newspapers and on radio, television, and billboards. Since November 1954, sales of 'LITTLE SIZ-

ZLERS' sausages have been in excess of 100,000 tons.[1]"

The board then considered "the nature of the marks together with the overall differences in both sound and appearance" and concluded that Hereford's mark SIZZLE "differs sufficiently" from Hormel's mark LITTLE SIZZLERS as to avoid a likelihood of confusion as a result of using the marks on their respective goods.

We do not agree with the board. There is no significant difference between the goods of the parties. While appellee stresses that its goods are in fact breaded cubed beef patties, the application is drawn to use on "fresh and frozen packaged meats" which includes the goods, sausages and sausage meat, of appellant. Further, the channels of trade are the same.

Although "Sizzlers" as used in LITTLE SIZZLERS is a noun and "Sizzle," as used by appellee, is a verb, they both conjure up identical mental images, i. e., meat making a hissing sound while cooking. Thus we believe that the concurrent use of LITTLE SIZZLERS and SIZZLE on the respective goods of the parties is likely to cause confusion, mistake or deception.

Appellee Hereford challenges the status of Hormel in this opposition. Appellee states in its brief:

"In view of the license given to Stark, Wetzel as a part of the assignment agreements it is likely that the entire assignment is invalid as an assignment in gross * * *."

However, it also states:

" * * * [Hormel] then purchased from Stark its trademark 'LITTLE SIZZLERS', the application to register same, goodwill, etc. A copy of this instrument has been made a part of this record and is the Hormel exhibit No. 10. *There is nothing suspicious or objectionable about the assignment as such. * * *"* [Emphasis supplied.]

1. The board's footnotes have been omitted, and the matter in brackets added to identify the several applications, interferences and oppositions.

In the light of its brief and the facts of the case, we take the thrust of these contentions not as challenging the initial assignment to be invalid, but that the subsequent license, being what is termed a "naked license," has resulted in an abandonment by Hormel of its rights in LITTLE SIZZLERS for failure to exercise control over the nature and quality of the goods marketed under the mark licensed to Stark. The issue of abandonment is one of subsequent, not prior use. By the assignment, the prior use of Stark inures to the benefit of its assignee, Hormel. In any event, since Hereford took no testimony, it is restricted to its filing date, while Hormel has shown by adequate testimony that it has been the user in its own right since September 9, 1960, which is prior to Hereford's filing date of October 19, 1960.

We find appellee's reliance on Roger & Gallet v. Janmarie, Inc., 107 USPQ 295 (Commr.1955), aff'd on rehearing 109 USPQ 16 (Commr.1956), to be inappropriate to support its position that the assignment is invalid because both parties continued to use the mark as they had prior to the assignment, since that case was *reversed* and remanded by this court, 245 F.2d 505, 44 CCPA 965, *rev'd on other grounds on remand* 114 USPQ 406 (Commr.1956), aff'd 263 F.2d 350, 46 CCPA 787, 120 USPQ 484. As we stated in reversing (245 F.2d at 510, 44 CCPA at 972):

"On the next point, that the parties were *doing* the same things after the assignment they were doing before, we think this is of little or no significance on the question of the validity of the assignment and of no help in deciding that issue. The important thing is not what they *did* do, but what they *could* do."

■ Here, Hormel is a user of the mark, and the assignment did affect its position by giving it standing in this opposition. Stark's continued use does not affect that change of parties in this opposition. We think the burden of proving Hormel abandoned the mark by failing to control the use by Stark under the license, is on appellee. Inferences which might be drawn from Hormel's testimony here do not meet that burden. We must agree with the conclusion of the board that "it cannot at this time be said that Hormel has failed to exercise such control" as to preclude its right in this opposition.

Since we find a likelihood of confusion between the marks, we must reverse the decision of the board.

Reversed.

SMITH, J., concurs in the result.