992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald Dale BAUGHMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3401.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ronald Dale Baughman was charged with five counts of distributing cocaine and one count of possession of cocaine. He pled guilty and was sentenced to 78 months imprisonment. He subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1988), which was denied by the district court. Mr. Baughman appeals, and we affirm.
 
 
 3
 Mr. Baughman's drug trafficking activity occurred from August 1988 to November 1989. The first three charges against him involved the sale of one ounce of cocaine. The next two charges alleged that he and a codefendant, David Martinez, distributed one-fourth pound and one pound of cocaine respectively. The sixth count charged Mr. Baughman and a codefendant, John Estes, with possession of 4.2 kilograms of cocaine. Mr. Estes agreed to testify against Mr. Baughman and received a sentence of 24 months. The charges were apparently dropped against Mr. Martinez.
 
 
 4
 Mr. Baughman claims that he is a victim of "sentencing entrapment." He argues that the government delayed arresting him until the quantity of cocaine being trafficked was sufficiently large to result in a significantly larger term of imprisonment. Mr. Baughman also complains that he was denied equal protection and due process because of the sentence disparity among him and his codefendants, primarily Mr. Estes. This disparity in sentencing, argues Mr. Baughman, is contrary to 18 U.S.C. § 3553(a)(6), which expresses Congress' intent to avoid disparities among similarly situated defendants.
 
 
 5
 Mr. Baughman cites two Eighth Circuit cases which mention sentencing entrapment in dicta, but those cases did not permit the defense. See United States v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir.) cert. denied, 111 S.Ct. 1602 (1991); United States v. Stuart, 923 F.2d 607, 614 (8th Cir.), cert. denied, 111 S.Ct. 1599 (1991). More recently, the Eighth Circuit held that "sentencing entrapment may be legally relied upon to depart under the sentencing guidelines," United States v. Barth, 1993 WL 98039, 1993 U.S.App. Lexis 6930 (8th Cir. April 6, 1993), but the court found the evidence there insufficient to support the claim, id. at *3, 1993 U.S.App. Lexis at * 10. The court said that "when a sufficiently egregious case arises, the sentencing court may deal with the situation by excluding the tainted transaction or departing from the sentencing guidelines." Id.; see also United States v. Connell, 960 F.2d 191, 194, 196 n. 3 (1st Cir.1992) (recharacterizing defendant's sentencing entrapment claim as a claim of "sentencing factor manipulation.").
 
 
 6
 The Eighth Circuit also cautioned that " 'courts should go very slowly before staking out rules that will deter government agents from the performance of their investigative duties.' " Barth, 1993 WL at * 3, 1993 U.S. Lexis App. at * 9 (quoting Connell, 960 F.2d at 196 n. 3). In drug investigations, "[p]olice must be given sufficient leeway to construct cases built on evidence that proves guilt beyond a reasonable doubt. Police also must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy." United States v. Calva, 979 F.2d 119, 122 (8th Cir.1992). On the record in the present case, we are not persuaded that Mr. Baughman was the victim of sentencing entrapment.
 
 
 7
 Mr. Baughman also complains of the disparity between his sentence and the sentences of his codefendants. The sentencing guidelines reflect an intent to reduce the disparity of sentencing among defendants who are similarly situated. See U.S.S.G. § 1A.3, p.s. Mr. Baughman argues that this intent is thwarted since his codefendants received less severe punishment than did Mr. Baughman. The codefendants, however, were not similarly situated to Mr. Baughman. Mr. Estes agreed to cooperate in the investigation and to testify, if necessary, against Mr. Baughman. Pursuant to the sentencing guidelines, the government moved for a downward departure of Mr. Estes' sentence. The sentence disparity this situation creates "does not offend equal protection because a rational connection exists between obtaining information concerning narcotics and providing an opportunity for a sentence reduction in exchange for such information. Thus, the disparity between defendant's sentence and that of his codefendants is explainable because of different circumstances." United States v. Horn, 946 F.2d 738, 746 (10th Cir.1991) (citations omitted); see also United States v. Trujillo, 906 F.2d 1456, 1465 (10th Cir.), cert. denied, 111 S.Ct. 396 (1990). Finally, if the charges were dropped against Mr. Martinez, he was obviously not convicted of a crime and could not receive a sentence.
 
 
 8
 The district court's denial of Mr. Baughman's section 2255 habeas corpus petition is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3