48 F.3d 1222
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elmer VELASQUEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3754.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Elmer Velasquez appeals from a district court order denying his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his 20 year mandatory minimum prison sentence imposed after petitioner was found guilty of conspiracy to distribute cocaine, 21 U.S.C. § 846, distribution of cocaine within one thousand feet of a school, 21 U.S.C. § 845a, and two counts of using a telephone to facilitate distribution of cocaine, 21 U.S.C. § 843(b).
 
 
 2
 This court affirmed petitioner's conviction and sentence along with those of many of his co-conspirators in United States v. Mojica, 984 F.2d 1246 (7th Cir.1993). Petitioner argues that in the direct appeal this court failed to address the three issues raised in his supplemental brief, thereby violating his rights under the Fifth and Sixth Amendments. Petitioner was indicted along with 26 co-conspirators for a conspiracy involving a large narcotics supply and distribution network involving large amounts of cocaine brought into Chicago from Columbia via Florida and New York. The co-conspirators, including petitioner, filed a joint brief in the direct appeal. Petitioner also filed a supplemental brief arguing three issues: (1) whether he could reasonably have foreseen that the conspiracy involved at least five kilograms of cocaine;[2] (2) whether the district court erred in not suppressing certain evidence seized from his apartment; and (3) whether a November 1988 amendment to the mandatory minimum 20-year sentence was applicable. The first issue was specifically addressed in Mojica. In determining whether petitioner could have reasonably foreseen that the conspiracy involved at least five kilograms of cocaine, we found that petitioner's "significant and steady participation in the conspiracy belies his contention that he could not reasonably have foreseen the movement of 6.5 kilograms of cocaine through the conspiracy." Mojica, 984 F.2d at 1447.
 
 
 3
 In regard to the other two issues, the merits were fully and carefully considered by this court in the direct appeal. We expressly stated that we had not overlooked any of the myriad arguments presented: "Despite the large number of objections advanced by the defendant[s]-appellants, not all of them justify (nor will receive) detailed analysis by this panel." Mojica, 984 F.2d at 1431. We later concluded: "The appellants have raised a number of other claims, jointly and individually. Since they are plainly without merit, they will not be discussed herein." Mojica, 984 F.2d at 1453. Moreover, this court is not required to "discuss every issue raised by the appeal. When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them." United States v. Patel, 879 F.2d 292, 295 (7th Cir.1989), cert. denied, 494 U.S. 1016 (1990).
 
 
 4
 In the later § 2255 proceeding, we noted that on direct appeal, in our 1989 opinion, we had "addressed the only claim that arguably had merit." Patel v. United States, 19 F.2d 1231, 1235 n. 2 (7th Cir.1994). Cf. Terrell v. Morris, 110 S.Ct. 4, 6 (U.S.1989) (habeas action; "It is not our place to vacate a Court of Appeals' opinion on the supposition that the court failed to give sufficient thought to its own holding, merely because we would prefer a more extended discussion"). It is clear that this court considered the merits of the three issues in the direct appeal. Nothing more is required. We will not reconsider the issues in a § 2255 petition.
 
 Procedural Default
 
 5
 Petitioner raises two more issues in his § 2255 petition. Because neither issue was raised on direct appeal, they have been waived unless petitioner can show cause and prejudice. Williams v. United States, 805 F.2d 1301, 1308-09 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987). A § 2255 petition is a collateral proceeding that may not substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Failure to appeal a decision directly may preclude the court from considering the merits in a § 2255 action, unless petitioner can show cause for and actual prejudice resulting from the alleged error. United States v. Taglia, 922 F.2d 413 (7th Cir.), cert. denied, 500 U.S. 927 (1991); United States v. Kovic, 830 F.2d 680, 683 (7th Cir.1987).
 
 
 6
 Petitioner argues that his failure to raise the issues on direct appeal was caused by ineffective assistance of appellate counsel. Ineffective assistance of counsel may establish cause for forfeiting claims by failing to appeal them directly. Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1994); Guinan v. United States, 6 F.3d 468, 471-72 (7th Cir.1993). Petitioner bears a heavy burden in overcoming the presumption that counsel rendered reasonably effective assistance. Strickland, 466 U.S. at 689. To establish ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner's claim will fail if he cannot meet either the performance or prejudice prong of the Strickland test. United States v. Delgado, 936 F.2d 303, 311 (7th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). Petitioner can satisfy the performance prong of Strickland by identifying specific acts or omissions that fell outside the wide range of professionally competent assistance. Lilly v. Gilmore, 988 F.2d 783, 785 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993). The prejudice prong focuses on whether counsel's deficient performance deprived him of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).
 
 
 7
 We have examined the two issues, alleging sentencing entrapment and challenging the mandatory minimum sentence, and conclude that petitioner has failed to show prejudice because neither issue has any merit.
 
 Sentencing Entrapment or Manipulation
 
 8
 Petitioner argues that "sentencing entrapment"[3] occurred because the government was in complete control of when the conspiracy would be stopped. Petitioner maintains that DEA agents used a confidential informant, Henry Olave, and an undercover agent, Sabina Carlson, to solicit increasing amounts of drugs until the amount reached over 5 kilograms, the weight which triggers a higher sentence. Petitioner argues that "[t]he agents could have just as easily limited the cocaine distributed by alleged conspiracy members to under 5 kilograms and the quantity of cocaine Velasquez allegedly aided and abetted to under 8 ounces." Thus, the gist of the argument is that the coconspirators were entrapped into committing a greater offense (additional purchases) so that they would be subject to greater punishment.
 
 
 9
 While we lack jurisdiction to review the discretionary refusal to depart downward, see United States v. Winston, 34 F.3d 574, 581 & n. 4 (7th Cir.1994) (appellate court has no jurisdiction to review discretionary refusal to depart downward; regardless, even assuming viability of sentencing manipulation as a legal theory, no evidence of such conduct here), petitioner may be arguing that the district court committed legal error in refusing to depart downward on the basis of sentencing entrapment or, alternatively, that it failed to depart because it believed it lacked authority to do so.
 
 
 10
 The Supreme Court "changed the landscape of the entrapment defense," United States v. Hollingsworth, 27 F.3d 1196, 1198 (7th Cir.1994) (en banc), in Jacobson v. United States, 112 S.Ct. 1535 (1992). However, the Supreme Court has not addressed the question of whether entrapment is a justification for a downward departure for sentencing purposes. This circuit has not yet been presented with facts requiring us to determine whether the doctrine is viable. See, e.g., United States v. Okey, No. 94-2588 (7th Cir. Feb. 8, 1995), 1995 WL 47170 (noting that this court has "questioned the validity" of the sentencing manipulation arguments but, under facts presented there, declining the invitation to decide whether the doctrine should be recognized); United States v. Winston, 34 F.3d 574, 581 n. 4 (7th Cir.1994) (same). Cf. United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994) ("Our inclination, however, is not to subject isolated government conduct to a special brand of scrutiny when its effect is felt in sentence, as opposed to offense, determination").[4]
 
 
 11
 Regardless, the doctrine would not apply in this case because there is no credible evidence of anything close to "outrageous governmental conduct." Cotts, 14 F.3d at 306 n. 2 (even if sentencing entrapment is a viable theory, defendant failed to present evidence that such conduct occurred).[5] Petitioner argues that the DEA agents had the sole discretion to end the drug purchases at any time, and need not have waited until the numerous purchases built up to 6.5 kilograms of cocaine. Nothing in the facts of this case indicate that the government was excessively involved in creating the crime, and certainly nothing points to outrageous government behavior. The conspiracy was an ongoing operation when the confidential informant and the undercover agent began purchasing cocaine from the coconspirators. There were at least 15 purchases, the last of which was October 20, 1988. No magic flag signalled the DEA that no further purchases would take place. We also note, for example, that when petitioner was arrested in January 1989--months after he says the conspiracy had ended--he was in possession of two portable telephones, a beeper, and nearly $10,000 in case with traces of narcotics on it. We conclude that petitioner has failed to show he suffered prejudice through counsel's failure to raise the sentencing manipulation argument on direct appeal.
 
 Mandatory Minimum Sentence
 
 12
 Petitioner argues that the 20-year mandatory minimum sentence pursuant to 21 U.S.C. § 846, is unconstitutional under the Fifth and Eighth Amendments. Petitioner invites the court to "take a common sense approach" and consider the fact that he has had "a lifetime record of non-violence and [poses] no risk to society" and has been only "minimally involved in drug conspiracies." He adds: "Eradication from society and enslavement in a despicable cage for 20 years for minor involvement in a conspiracy to distribute small quantities of drugs is grotesquely disproportionate." In effect, petitioner is asking for individualized sentencing in place of mandatory minimum sentence, an argument with the Supreme Court has rejected. See Hamelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 2702 (1991) (individualized sentencing only required in capital cases). Moreover, we have rejected constitutional attacks on mandatory minimum sentences many times. See, e.g., United States v. Velasco, 953 F.2d 1467, 1476 (7th Cir.1992); United States v. Lawrence, 951 F.2d 751, 754-55 (7th Cir.1991); United States v. Romo, 914 F.2d 889, 899 (7th Cir.1990), cert. denied, 498 U.S. 1122 (1991); United States v. McNeese, 901 F.2d 585, 606-07 (7th Cir.1990). This issue, also, therefore, fails to show petitioner was prejudiced by his counsel's failure to raise it on direct appeal.
 
 
 13
 Waiver of Issues not Presented to District Court
 
 
 14
 Finally, petitioner devotes a large portion of his brief to the argument that his appellate counsel was ineffective for failing to bring certain changes in the Sentencing Guidelines to the attention of this court in the direct appeal. Petitioner concedes that this issue was never raised before the district court, but asks that we remand to permit the district court to review the issue. We decline to do this. Any claim not presented to the district court is waived on appeal. See Dortch v. O'Leary, 863 F.2d 1337 (7th Cir.1988), cert. denied, 490 U.S. 1049 (1989).
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The conspiracy involved 6.5 kilograms of cocaine which generally ranged between 85% to 95% in purity
 
 
 [3]
 The argument is more appropriately referred to as sentence "manipulation," since its focus is not on whether petitioner was predisposed to commit the crime, but instead on whether the DEA "stretched out the investigation merely to increase the sentence." United States v. Shepherd, 4 F.3d 647, 649 (8th Cir.1993), cert. denied, 114 S.Ct. 1322 (1994). For other courts discussing the distinction between the two theories, see, e.g., United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994); United States v. Jones, 18 F.3d 1145, 1153-54 (4th Cir.1994); United States v. Connell, 960 F.2d 191, 194 (1st Cir.1992); United States v. Barth, 990 F.2d 607, 613-14 (8th Cir.), cert. denied, 111 S.Ct. 1599 (1991)
 
 
 [4]
 At least one member of this court has suggested that we expressly reject the doctrine. United States v. Miller, 891 F.2d 1265, 1271 (7th Cir.1989) (Easterbrook, J., concurring) ("we should reject the contention that the criminal must go free because the constable was too zealous"). The Sixth and Eleventh Circuits agree, and have rejected the doctrine as a matter of law. Tucker v. McDonald, 28 F.3d 1420 (6th Cir.1994) (doctrine of outrageous government conduct is not a valid defense), pet'n. for cert. filed, November 21, 1994; United States v. Williams, 954 F.2d 668, 673 (11th Cir.1992) (such a doctrine would be inappropriate)
 The Eighth and Ninth Circuits have found that sentencing entrapment is a potential defense or basis for departure under the Guidelines. See, e.g., United States v. Staufer, 38 F.3d 1003 (9th Cir.1994); United States v. Barth, 990 F.2d 422, 425 (8th Cir.1993); United States v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir.) ("we are not prepared to say there is no such animal as 'sentencing entrapment' "), cert. denied, 499 U.S. 968 (1991).
 Most circuits, like the Seventh, have not decided whether the doctrine is viable and instead find, as we do here, that even if the doctrine were viable, the facts of the case do not support a sentencing entrapment finding. See, e.g., United States v. Washington, No. 94-40016 (5th Cir. Feb. 2, 1995); United States v. Raven, 39 F.3d 428 (3d Cir. Oct. 31, 1994); United States v. Jones, 18 F.3d 1145 (4th Cir. March 2, 1994); United States v. Rosa, 17 F.3d 1531, 1551 (2d Cir. Feb. 23, 1994); United States v. Brewster, 1 F.3d 51, 55 n. 5 (1st Cir.1993); United States v. Baughman, 992 F.2d 1222 (10th Cir.1993) (unpublished), 1993 WL 141198; United States v. Connell, 960 F.2d 191, 196 (1st Cir.1992).
 
 
 [5]
 We note that the current version of the Guidelines provides that a departure may be warranted in reverse sting operations where the government sets an artificially low price for the controlled substance, thereby inducing the defendant to purchase a significantly greater quantity. U.S.S.G. § 2D1.1, comment (n. 17) (Nov. 1993) [U.S.S.G.App. C. amdt. 486.] While earlier cases speak of "outrageous government conduct," the Guidelines do not use this term. We have not yet had occasion to examine or apply the new test, but of course we find no impropriety here, since the Guidelines amendment was not applied
 Several other circuits have commented on the new amendment. The Eighth Circuit has stated that "the sentencing guidelines are causing courts nationwide to rethink the long-established rule of entrapment." United States v. Barth, 990 F.2d 422, 424 (8th Cir.1993).
 In United States v. Jones, 18 F.3d 1145, 1154 n. 12 (4th Cir. March 2, 1994), the court states that the application note could not be applied in Jones because it only became effective on November 1, 1993. The court cautions: "We express no opinion as to any standard governing application of this application note, or as to whether the Commission has now adequately taken into consideration the theories of 'sentencing entrapment' and 'sentencing manipulation'."
 In United States v. Staufer, 38 F.3d 1003 (9th Cir. Oct. 26, 1994), the court found that the U.S.S.G. amendment was significant because "it shows that the Sentencing Commission is aware of the unfairness and arbitrariness of allowing drug enforcement agents to put unwarranted pressure on a defendant in order to increase his or her sentence without regard for his predisposition, his capacity to commit the crime on his own, and the extent of his culpability."