**UNITED STATES COURT OF APPEALS**
<u>**Filed 10/22/96**</u>**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

RONALD D. BAUGHMAN,

   Defendant-Appellant.

Case No. 96-3080

(D.C. 95-CV-3362)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

   Defendant-appellant Ronald Dale Baughman appeals the district court's denial of his motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255. After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the district

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's decision.

Mr. Baughman's § 2255 motion arises out of in related civil and criminal proceedings in which the government alleged that Mr. Baughman sold cocaine. In February 1990, the government filed an in rem forfeiture action against several items of real property owned by Mr. Baughman and located in Reno County and Rice County, Kansas. The government argued that the property constituted proceeds of unlawful cocaine sales and was therefore subject to forfeiture under 21 U.S.C. § 881(a)(6). Additionally, in February 1990, a grand jury returned a six count indictment against Mr. Baughman alleging that he had violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by distributing cocaine and by possessing cocaine with the intent to distribute it.

In October 1990, Mr. Baughman pleaded guilty to all six counts of the indictment. As part of the plea agreement, he forfeited all of his interest in the real property at issue. See Rec doc. 127, attachment A, exhibit A. In the criminal case, the court imposed concurrent sentences of seventy eight months on each count.

In September 1992, Mr. Baughman filed a motion to modify, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. He argued that he had been a victim of "sentencing entrapment" in that "the government delay[ed] arresting him until the quantity of cocaine being trafficked was sufficiently large to result in a significantly larger term of imprisonment." See Baughman v. United States, No. 92-3401, 1993 WL 141198, at **1 (10th Cir. April 27, 1993). He also asserted that the disparity between his

2

sentence and the sentences received by his codefendants violated his equal protection and due process rights. The district court denied Mr. Baughman's motion, and this court affirmed that decision.

In September 1995, Mr. Baughman filed a second § 2255 motion (the one at issue in this case). He asserted that his convictions and sentences violated the Fifth Amendment's Double Jeopardy Clause because they constituted multiple punishment for the offenses for which he was punished in the civil forfeiture action. The district court denied Mr. Baughman's motion, reasoning that by consenting in the plea agreement to the forfeiture of the real property, Mr. Baughman had waived his double jeopardy claim. See Rec. doc. 130, at 2 (citing United States v. Cordoba, 71 F.3d at 1543 (10th Cir. 1995) and Montoya v. New Mexico, 55 F.3d at 1496, 1498 (10th Cir. 1995)).

We engage in de novo review of the district court's legal conclusions, see United States v. Kissick, 69 F.3d at 1045, 1051 (10th Cir. 195), and conclude that the district court properly denied Mr. Baughman's second § 2255 motion. As the government has argued, the abuse of the writ doctrine prohibits Mr. Baughman from filing a second motion raising an issue not raised in the first motion unless he establishes either cause for failing to raise the issue and prejudice therefrom or a fundamental miscarriage of justice resulting from the court's failure to consider the claim. Mr. Baughman has established neither cause and prejudice nor a fundamental miscarriage of justice.

As to cause and prejudice, we note that Mr. Baughman has offered no explanation

3

of his failure to raise the double jeopardy issue in his first § 2255 motion. Moreover, the fact that the government pursued both in rem civil forfeiture of Mr. Baughman's real property and criminal sanctions against him personally does not constitute a fundamental miscarriage of justice. As the district court concluded, "[a defendant's] consent to the imposition of both the criminal conviction and the civil administrative forfeiture effectively waived any objection he might have based upon the Double Jeopardy Clause's prohibition against multiple punishments." Cordoba, 71 F.3d at 1546. Additionally, the United States Supreme Court has recently held that in rem civil forfeitures "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S. Ct. 2135, 2149 (1996). Accordingly, Mr. Baughman was not subjected to multiple punishment for the same offense in violation of the Fifth Amendment.

We therefore affirm the district court's denial of Mr. Baughman's motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255. The mandate shall issue forthwith.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

4