**This Decision is a
Precedent of the TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

al

Mailed:  March 27, 2014

Cancellation No. 92056456

SARL Corexco

v.

Webid Consulting Ltd.

**Before Kuhlke, Lykos, and Hightower,
Administrative Trademark Judges.**

By the Board:

SARL Corexco ("petitioner"), a French corporation, seeks to cancel a registration of Webid Consulting Ltd. ("respondent"), a United Kingdom corporation.  The registration[1] is for the mark BEARWW in standard character form for "Internet based social networking and introduction services, namely, providing a website for dating and social introduction purposes, namely, providing a website for the purpose of arranging social meetings by telephone and/or e-mail, arranging in person social meetings and providing information of a personal nature and in relation to lifestyle habits" in International Class 45, based on Canadian Registration No. TMA801234 and registered under Section 44(e) of the Trademark Act, 15 U.S.C. Section 1126.

---

[1]  Registration No. 4148207, issued May 29, 2012.

As grounds for cancellation, petitioner relies on Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and alleges a likelihood of confusion with its previously used mark BEARWWW in connection with "online social networking services." As an alternative ground, petitioner asserts that the application for the involved registration was void *ab initio* because the original applicant (respondent's predecessor-in-interest) did not own a foreign registration which could serve as a basis, under Section 44(e), for issuance of the U.S. registration; and even when the registration issued respondent's predecessor did not own such a foreign registration. More specifically, petitioner alleges that the original applicant for the subject registration, Ms. Marie Laure Leclerq, an attorney and citizen of Canada, does not own and never owned the Canadian Registration upon which the U.S. application was based, at filing or on the date that Section 44(e) was added as a basis for registration.[2] Petition to Cancel, ¶¶ 3-5, 9, 12-14.

Respondent denied the salient allegations in its answer and asserted various affirmative defenses.

This case now comes up on petitioner's motion (filed July 22, 2013) for summary judgment on both of its asserted claims; and respondent's cross-motion to withdraw its effective admissions and to substitute for them responses to petitioner's requests for admission pursuant to Fed. R. Civ. P.

---

[2] Petitioner also alleged that the U.S. application resulting in the registration at issue was void because Canada is not the country of origin for respondent, a United Kingdom corporation, as required by Section 44(e).

36(b). Each motion has been opposed by the adverse party; and petitioner has filed a reply brief on its motion for summary judgment.

Petitioner's motion for summary judgment is based in part on respondent's failure to timely respond to petitioner's requests for admission which resulted in automatic admission of said requests by operation of Fed. R. Civ. P. 36(a)(3). With these admissions, petitioner asserts that its claim of likelihood of confusion and its claim that the underlying application of the subject registration was void, for failing to satisfy the requirements of Section 44(e), are established and it is entitled to summary judgment in its favor.

Accordingly, we turn first to respondent's motion to withdraw and submit substitute responses to the requests for admission, which it filed in conjunction with its August 21, 2013 response to the motion for summary judgment. In support thereof, respondent states that petitioner served its requests for admission on March 18, 2013; that "over the next several weeks" the parties discussed the possibility of settlement and the possible extension of due dates for discovery responses; that these discussions did not result in an agreement; that respondent served its answers to petitioner's requests for admissions on April 24, 2013, merely four days after they were due; and that by such answers respondent denied all of petitioner's primary allegations. Respondent seeks an order withdrawing any automatic admission and finding respondent's April 24, 2013 answers to have been timely filed.

Rule 36(b) of the Federal Rules of Civil Procedure provides that the court may permit withdrawal or amendment of admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining or defending the action on the merits. As this Board stated in *Hobie Designs Inc. v. Fred Hayman Beverly Hills Inc.*, 14 USPQ2d 2064, 2065 (TTAB 1990):

> Rule 36(a) is designed to facilitate proofs and speed trial, but where the failure to timely respond to a request for admissions has a harsh result, Rule 36(b) provides a method for obtaining relief. *EEOC v. Baby Products Co., Inc.* 89 F.R.D. 129 (E.D. Mich. 1981).

The notes of the Advisory Committee on Rules state that Rule 36(b) emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on the admission in preparation for trial will not operate to its prejudice. Courts have substantial discretion in deciding whether to allow withdrawal of an admission. *Giersch v. Scripps Networks, Inc.*, 85 USPQ2d 1306 (TTAB 2007).

In this case, we exercise our discretion to allow respondent to substitute its responses to the requests for admission for the effective admissions, such that the responses served on April 24, 2013 are the operative responses. Clearly, the parties' settlement discussions contributed to the respondent's delay in timely serving its answers. As noted above, there is a two-prong test for allowing withdrawal or amendment of

admissions: The presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action on the merits. *Giersch*, 85 USPQ2d at 1308.

With respect to the first prong, the merits of the action will be subserved by allowing amendment of the admissions by default since they largely form the factual and legal basis for petitioner's motion for summary judgment.

As for the second prong, the Board finds that petitioner will not be prejudiced by withdrawing the effective admissions and allowing substitution of the later-served responses. As contemplated under Rule 36(b), "'prejudice' is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth, but rather, relates to the special difficulties a party may face caused by the sudden need to obtain evidence upon withdrawal or amendment of admission." *Giersch*, 85 USPQ2d at 1308 (quoting *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147 (6th Cir. 1997)). Petitioner filed its motion for summary judgment prior to the close of discovery. The case is therefore in the pre-trial stage, and any potential prejudice can be mitigated by extending the discovery period as necessary. In addition, petitioner has pointed to no particular prejudice in the form of special difficulties it could potentially face, caused by the need to obtain evidence. While the Board recognizes that petitioner relied on the

admissions in filing its motion for summary judgment, such reliance does not rise to the level of "prejudice" as contemplated under Rule 36(b). *See FDIC v. Prusia*, 18 F.3d 637 (8th Cir. 1994) (holding that the "mere fact that a party may have prepared a summary judgment motion in reliance on an opposing party's erroneous admission does not constitute 'prejudice' such as will preclude grant of a motion to withdraw admissions").

Accordingly, we hereby grant respondent's motion to withdraw the effective admissions and to substitute for them its responses served on petitioner on April 24, 2013.

We turn then to petitioner's motion for summary judgment in its favor on both of the claims it pleads.

Summary judgment is only appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Board may not resolve disputes of material fact; it may only ascertain whether a genuine dispute regarding a material fact exists. *See Lloyd's Food Products, Inc. v. Eli's, Inc.,* 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Olde Tyme Foods, Inc. v. Roundy's, Inc.,* 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *Opryland USA Inc. v. Great American Music Show Inc.,* 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods, Inc.*, 22 USPQ2d at 1544.

As a preliminary matter, we find that there is no genuine dispute of material fact as to petitioner's standing. Petitioner has submitted the declaration of its chief executive officer, Frederic Tirel, who states, among other things, that petitioner has been using its BEARWWW marks to advertise, promote, and render its online social networking and dating services on the Internet throughout the world, including in the United States, since at least as early as September 2002. Mr. Tirel's declaration is sufficient to show that there is no genuine dispute of material fact that petitioner has a real interest in the proceedings, i.e., a personal interest in the outcome of the proceeding, and a reasonable basis for a belief of damage. *See Lipton Industries, Inc. v. Ralston Purina Company*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982). Although respondent asserted lack of standing as an affirmative defense, it does not contest petitioner's standing in its response to petitioner's motion.

We observe that petitioner's motion for summary judgment with regard to the likelihood of confusion claim was based wholly on the admissions by default, which have now been amended. The motion for summary judgment with regard to such claim is, therefore, denied.

However, we reach a different conclusion with regard to petitioner's claim that the subject registration is void *ab initio* because the original applicant (respondent's predecessor-in-interest) did not own a foreign

7

registration which could serve as a basis, under Section 44(e), for issuance of the U.S. registration.

Respondent's now substituted answers to three critical requests for admissions read as follows:

Request for Admission No. 5: Admit that Marie Laure Leclercq has never owned Canadian Trademark Registration No. 801234.

Response: Admitted.

Request for Admission No. 7: Admit that on August 11, 2011, Webid Consulting Ltd. was the owner of Canadian Trademark Registration No. 801234.[3]

Response: Admitted.

Request for Admission No. 8: Admit that on August 11, 2011, Webid Consulting Ltd. was not the owner of U.S. Trademark Application Serial No. 77-605336.

Response: Admitted.

The original applicant, i.e., respondent's predecessor-in-interest, Ms. Leclercq, filed her application to register the subject mark based on Section 1(a) of the Trademark Act. Later, following a rejection of the specimen by the examining attorney, Ms. Leclercq amended the filing basis for the application from Section 1(a) to Section 1(b), together with an untimely priority claim under Section 44(d). Thereafter, on August 11, 2011, Ms. Leclercq amended the filing basis to Section 44(e).

---

[3] Petitioner asserts that August 11, 2011 was the date that Section 44(e) was added as a basis for registration.

If an application is filed based on Section 1(a) or Section 1(b), and the applicant later amends the application to add or substitute Section 44 as a basis, the applicant must be the owner of the foreign application or registration as of the filing date of the amendment adding or substituting a Section 44 claim of priority or basis for registration. Trademark Rule 2.35(b)(1); 37 C.F.R. § 2.35(b)(1). *Cf. In re Deluxe, N.V.*, 990 F.2d 607, 26 USPQ2d 1475, 1477 (Fed. Cir. 1993) (foreign applicant must comply with the requirements at the time the application is filed). *See also* Trademark Manual of Examining Procedure ("TMEP") § 806.03(g) (Oct. 2013).

Due to respondent's admissions in this case, the record is clear that Ms. Leclercq never owned the Canadian registration upon which her U.S. application was based, and that respondent was the owner of that registration on August 11, 2011, the date on which Ms. Leclercq amended the filing basis in the U.S. application. U.S. Patent and Trademark Office assignment records reflect that on June 1, 2012, Ms. Leclercq assigned the subject registration to respondent.[4] However, this is after all of the various dates on which the underlying application was filed, and when the basis was amended to Section 44, and when the registration issued. *Cf. In re Deluxe, N.V.,* 26 USPQ2d at 1477 ("We do not believe that this situation [assigning the U.S. application to Deluxe after the statutory requirements had been

---

[4] A copy of the assignment was filed with the Assignment Recordation Branch of the Office on September 20, 2012, at Reel 4864, Frame 851.

met, but prior to the date of publication] is significantly different from the one in which a foreign applicant merely waits until the U.S. registration issues, and then assigns the U.S. registration. In both instances, the statutory requirements under Section 44 have been satisfied, and only then, is the application or registration assigned; the distinction being merely a delay in the timing of the assignment.").

We therefore find that there is no genuine dispute of material fact that the applicant of the underlying application, Ms. Leclercq, was not the owner of the foreign registration on the date of filing of the U.S. application, or on the date when Section 44 was substituted as the basis for the application, or on the date when the U.S. registration issued. *Cf. Phonak Holding AG v. Resound GmbH*, 56 USPQ2d 1057, 1059 (TTAB 2000) ("[T]o state a proper ground for opposition or cancellation, an opposer or cancellation petitioner must plead not only that the applicant failed to submit a copy of the foreign registration, but also that the issuance of the registration was improper because, at the time the registration issued, the registrant did not own a foreign registration which could serve as a basis, under Section 44(e), for issuance of the U.S. registration."). In view thereof, issuance of the registration was improper and the registration is void.

Accordingly, petitioner's motion for summary judgment with regard to the claim that the registration is void *ab initio* because applicant was not the owner of the foreign registration is granted. Inasmuch as petitioner also

10

moved for summary judgment on its likelihood of confusion claim and the Board has denied that motion, petitioner is allowed FIFTEEN DAYS to advise whether it wishes to proceed with the likelihood of confusion claim, failing which that claim will be dismissed without prejudice, and the petition to cancel will be granted solely on the void ab initio ground, and Registration No. 4148207 will be cancelled in due course. *Compare Multisorb Tech., Inc. v. Pactiv Corp.*, 109 USPQ2d 1170 (TTAB 2013) (petitioner denied opportunity to pursue trial and judgment on fraud claim when respondent consented to entry of judgment on abandonment claim).